```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEDRA DE LA ROSA,
                                                                Case No. 22-cv-02300(ER)(SLC)
                            Plaintiff,
                                                                CONFIDENTIALITY
         - against -                                            STIPULATION AND
                                                                PROTECTIVE ORDER
ELMWOOD NYT OWNER, LLC and
BOWLMOR TIMES SQUARE, LLC,

                            Defendants.
-----------------------------------------------------------X
```

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Plaintiff Dedra De La Rosa, defendant Elmwood NYT Owner, LLC and defendant Bowlmor Times Square, LLC (each individually, a "Party" and collectively, the "Parties") agree that the discovery sought by the Parties is likely to involve the production of certain documents and things, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the Parties having agreed to enter into this Confidentiality Stipulation and Protective Order to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

It is hereby ordered by the Court that the following restrictions and procedures shall apply to Confidential Information, as defined herein, supplied by the Parties to each other in discovery of this action:

1.      This Confidentiality Stipulation and Protective Order (the "Order") will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence. Counsel for any Party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a

deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL".

2. Documents or information that a Party provides during discovery in this litigation and designates as Confidential shall be deemed Confidential Information. Documents and information that may be designated as Confidential for the purposes of this litigation shall include, but are not limited to, i) Plaintiff's social-security number, date of birth, place of birth, mother's maiden name, father's middle name, financial-account numbers, biometric records, passport numbers, driver's license numbers; other national, state, or local government issued identification, license, or permit numbers; nonfinancial customer account numbers; internet or website user names, login IDs, or passwords; personal email addresses; personal telephone numbers; personal device internet protocol (IP) addresses; residence addresses; and personal geolocation data; ii) information concerning Plaintiff defined as Protected Individually Identifiable Health Information (PHI) by the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule, including information protected by comparable federal, state, or local laws, regulations, or rules governing healthcare information privacy; iii) information otherwise protected from disclosure by federal, state, or local laws, regulations, or rules governing data privacy; iv) competitive business information, proprietary information, financial information including pricing, trade secrets, Defendants' policies and procedures, salary, compensation and benefits information, internal investigations undertaken by Defendants, Defendants' methods of doing business, marketing strategies, proprietary databases and dashboards, software platforms, personnel documents, and all communications involving any of the foregoing.

3. Unless ordered by the Court, or otherwise provided for herein, Confidential Information disclosed by a Party will be held and used by the person receiving such information solely for use in connection with the above-captioned case.

4. In the event a Party challenges another Party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court by presenting a motion to the Court for an *in camera* inspection and determination regarding the disclosing party's designation of information or documents as confidential. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible.  Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed in accordance with applicable law and Court rules. Each Party also reserves its right to use its own documents or information, which may or may not have been designated by a Party as "Confidential" in any manner without consent of the opposing Party or approval by the Court. Nothing herein shall be deemed to waive any privilege recognized by law.

5. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The Parties and their respective counsel, including in-house counsel;

    b. Employees of counsel for a Party assigned as necessary to assist in this litigation;

    c. Consultants or experts assisting a Party in the prosecution or defense of this litigation, to the extent deemed necessary by counsel for the Party;

    d. Any person from whom testimony is taken or is to be taken in this case, except that such person may only be shown that Confidential Information

     during and in preparation for his/her testimony and may not retain the Confidential Information; and

  e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his/her position with the Court) or the jury at trial, or as exhibits to motions, to be filed under seal.

6. Prior to disclosing or displaying the Confidential Information to any person, other than the jury at trial or the Court, counsel for the Party disclosing or displaying the Confidential Information shall:

  a. inform the person of the confidential nature of the information or documents and

  b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the signed agreement shall supply a copy to counsel for the other Parties. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information

as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation and Order. To the extent the Court requires any further act by the Parties as a precondition to the filing of the documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the party that produced the documents to be filed with the Court, upon notice by the filing party, to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal. This Order is not intended to prevent a Party from filing with the Court any motion or other supporting papers marked confidential by redacting confidential portions of such documents, when possible, without having to file such document under seal.

10. If a Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Party who produced the Confidential Information within five (5) business days of receipt of such order, subpoena, or direction, and (b) give that Party five (5) business days to object to the production of such Confidential Information, if that Party so desires. Notwithstanding the foregoing, nothing in this

paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

11. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment and no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential, as herein provided. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. Confidential Information that may exist on any backup media which cannot be reasonably deleted within 30 days after the final determination of this action may be retained until such time as it is subject to routine deletion or destruction provided that confidentiality is maintained in accordance with this Stipulation and Order.

The foregoing is entirely without prejudice to the right of a Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by any Party and any violation may result in the imposition of sanctions by the Court.

[Signatures on the Following Page]

The Parties having stipulated and agreed hereto, it is SO ORDERED, this __21st__ day of March, 2023.

**So Ordered:**

_____
EDGARDO RAMOS, U.S.D.J.

So Stipulated and Agreed:

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP | PARKER HANSKI LLC |
| /s/ Peter T. Shapiro | /s/ Adam S. Hanski |
| Peter T. Shapiro, Esq. | Adam S. Hanski, Esq. |
| 77 Water Street, Suite 2100 | 40 Worth Street, Suite 602 |
| New York, New York 10005 | New York, New York 10013 |
| 212.232.1300 | 212.248.7400 |
| Peter.Shapiro@lewisbrisbois.com | ash@parkerhanski.com |
| | *Attorneys for Plaintiff* |
| - and - | |
| GIBBONS P.C. | GORDON REES SCULLY MANSUKHANI, LLP |
| /s/ Mark S. Sidoti | /s/ David J. Grech |
| Mark S. Sidoti, Esq. | David John Grech, Esq. |
| Daniel S. Weinberger, Esq. | 1 Battery Plaza, 28th Floor |
| One Pennsylvania Plaza, 37th Floor | New York, New York 10004 |
| New York, New York 10119 | 212.269.5500 |
| 212.613.2000 | dgrech@grsm.com |
| msidoti@gibbonslaw.com | *Attorneys for Defendant Elmwood NYT Owner, LLC* |
| dweinberger@gibbonslaw.com | |
| *Attorneys for Defendant Bowlmor Times Square, LLC* | |

HUNTON ANDREWS KURTH LLP

_____
Patrick L. Robson, Esq.
200 Park Avenue
New York, New York 10166
212.309.1100
probson@hunton.com
*Attorneys for Receiver of Defendant Elmwood NYT Owner, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEDRA DE LA ROSA,

                                Case No. 22-cv-02300(ER)(SLC)

                Plaintiff,

     - against -

ELMWOOD NYT OWNER, LLC and
BOWLMOR TIMES SQUARE, LLC,

                Defendants.
-----------------------------------------------------------X

## EXHIBIT A

I have been informed by counsel for _____ that certain documents or information to be disclosed to me in connection with matter entitled *De La Rosa v. Elmwood NYT Owner, LLC et al.* has been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____      DATED:
Signed in the presence of

_____
(Attorney)

Filing Copy